UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GINA CARPENTER,

                    Plaintiff,                          **COMPLAINT**

   - against -

                              Civil Action Number:   9:15-cv-1269
CRAIG APPLE, Albany County Sheriff in his official
and individual capacities, ALBANY COUNTY SHERIFF'S
OFFICE, COUNTY OF ALBANY, ALBANY COUNTY        **JURY TRIAL DEMANDED**
CORRECTIONAL FACILITY, AUGUSTUS ROBERSON,
III, Corrections Officer in his official and individual capacities,
"JANE DOE" AND "JOHN DOE", Fictitious Names of
Persons Employed by the Albany County Sheriff's
Department, The Identities of Whom are Unknown,

                    Defendants.

---

       Gina Carpenter brings this civil rights action to redress the severe physical and psychological she endured while a former, female prisoner of Defendants in violation of her federal and state rights.   The Plaintiff asserts as follows:

## PRELIMINARY STATEMENT

1.      This action is brought by Plaintiff, a former female prisoner of Defendants.

2.      While a prisoner of Defendants', and under Defendants' care, custody and control, Plaintiff was subjected to cruel and unusual punishment, sexually assaulted, provided inadequate medical treatment, deprived of her liberty and right to be secure, deprived of her personal safety and welfare, falsely imprisoned, battered, assaulted and deprived of her privacy.   As a result, Plaintiff has sustained, and continues to sustain, severe physical and psychological injuries.

1

3.       Accordingly, the Plaintiff seeks punitive and compensatory damages to remedy the Defendants' violations of the Eighth Amendment of the U.S. Constitution, Fourteenth Amendment of the U.S. Constitution, New York State Corrections Law§ 500-b, New York Penal Law § 130.05 (3)(e)-(f), false imprisonment, battery, assault, negligent supervision, 7 NYCRR 5.24, intentional infliction of emotional distress, negligent infliction of emotional distress, past pain and suffering, and loss of enjoyment of life.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the U. S. Constitution and federal law pursuant to 42 U.S.C. § 1983.

5.       This Court has supplemental jurisdiction over claims relating to the violation of state law under the provisions of 28 U.S.C. § 1367.   A timely Notice of Claim was filed in the action on October 23, 2014.   Thereafter, the County of Albany, et. al., requested a hearing pursuant to the requirements of General Municipal Law § 50-h which was conducted on March 26, 2015.

6.       Venue is proper under 28 U.S.C.§ 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

### Plaintiff

7.       Plaintiff is a former, female prisoner of Defendant Albany County Correctional Facility. Plaintiff is a natural person, current resident of Rensselaer County, and a citizen of New York.

2

**Defendants**

8.      Defendant Craig Apple (hereinafter "Defendant Apple"), sued in his official and individual capacities, is, and at all times mentioned herein was, the Albany County Sheriff.  Defendant Apple held the position of Albany County Sheriff while Plaintiff was a prisoner of, and sexually assaulted at, Defendant Albany County Correctional Facility.  The Albany County Correctional Facility is a division of the Albany County Sheriff's Office.  Defendants "Jane Doe" and "John Doe", fictitious names of persons employed by the Albany County Sheriff's Office, the identities of whom are unknown, are, and at all times mentioned herein were, employees of the Albany County Sheriff's Office and under Defendant Apple's supervision.  Defendant Apple is a natural person and, upon information and belief, resides in the State of New York.

9.      Defendant Albany County Sheriff's Office (hereinafter "Defendant Sheriff's Office") is, and at all times mentioned herein was, a "full-service" Law Enforcement Agency providing law enforcement services to residents and visitors of Albany County. These services include: Uniform Patrol, Criminal Investigations Unit, Fire Investigation Unit, Scuba Unit, Crime and Accident Investigation Unit, Snowmobile Unit, Marine Patrol, Emergency Response Team (S.W.A.T.) Unit, Hostage / Crisis Negotiation Team, Emergency Management Unit, Bicycle Patrol Unit, K-9 Unit, Traffic Safety Unit, STOP DWI Unit, Civil Unit, Court Security and Inmate Transportation Unit, Forensic Unit, Emergency Medical Services Unit (Paramedics), County Fire Coordinators Unit, Domestic Violence and Special Victims Unit and a Search and Rescue Unit.  Defendant Sheriff's Office is located at 16 Eagle Street, Albany, New York 12207.  The Albany County Correctional Facility is a division of Defendant Sheriff's Office.  Defendant Sheriff's Office employed, and continues to employ, Defendant Apple and Defendants Jane Doe and John Doe.

3

10.     Defendant County of Albany (hereinafter "Defendant County") is, and at all times mentioned herein was, a county and political subdivision of the State of New York, duly organized and existing under the laws of the State of New York.   Upon information and belief, Defendant County is and was duly authorized and empowered to establish, maintain, operate and administer governmental services to residents of Albany County, including but not limited to services provided to inmates and/or prisoners of the Albany County Correctional Facility, the Albany County Correctional Facility and Defendant Sheriff's Office.

11.     Defendant Albany County Correctional Facility (hereinafter "Defendant Facility") is, and at all times mentioned herein was, a facility that provides detention for arrested individuals as ordered by the courts within the County.   These Courts include Local Justice Courts, Superior Courts and Federal Courts.   Defendant Facility has a maximum of 1043 beds, providing custody for local, state and federal prisoners. The current staff of 420 for both sworn officers and civilians maintains the day-to-day operations of Defendant Facility.   Defendant Facility is located at 840 Albany Shaker Road, Albany NY  12211.   Plaintiff was a prisoner of, and sexually assaulted at Defendant Facility.   Defendant Facility is a division of Defendant Sheriff's Office established by Defendant County.

12.     Defendant Augustus Roberson, III (hereinafter "Defendant Roberson" or "Gus"), sued in his official and individual capacities, is, and at all times mentioned herein was, a Corrections Officer at Defendant Facility and in the employment of the Defendant County.   Defendant Roberson held the position of Corrections Officer at Defendant Facility while Plaintiff was a prisoner of, and sexually assaulted at, Defendant Facility.   Defendant Roberson is the party responsible for sexually assaulting Plaintiff.   Defendant Roberson is a natural person and, upon information and belief, resides in the State of New York.

4

13.     Defendants "Jane Doe" and "John Doe" (hereinafter "Defendant Does"), fictitious names

of persons employed by Defendant Sheriff's Office, the identities of whom are unknown, are, and

at all times mentioned herein were, employees of Defendant's Sheriff's Office and under

Defendant Apple's supervision.   Defendant Does were employed at Defendant's Sheriff's Office

and under Defendant Apple's supervision while Plaintiff was a prisoner of, and sexually assaulted

at, Defendant Facility.   Defendants Does are the parties responsible for assisting Defendant

Roberson in his sexual assault of Plaintiff.   Defendant Does are natural persons and, upon

information and belief, reside in the State of New York.

## STATEMENT OF FACTS

14.     On July 30, 2014, at approximately 10:00am, Plaintiff, a female prisoner, was intentionally

and violently attacked, sexually assaulted and battered by a male corrections officer at Defendant

Facility.   The corrections officer, Defendant Roberson is also known to the prisoners at "Gus".

15.     On July 30, 2014, Plaintiff was a runner while an inmate at the Defendants' jail.

16.     A runner is an inmate who is assigned to perform various functions on a specific tier in the

jail, including but not limited to cleaning responsibilities and delivering food trays.

17.     While waiting to serve breakfast on 7 West Left, with Ms. Banks, the other runner assigned

to the tier, Ms. Banks made an inappropriate comment towards Defendant Roberson stating, "I

would so give him some."   Plaintiff said nothing.   Defendant Roberson did not react at all to the

inappropriate comment.

18.     Sometime thereafter, Defendant Roberson called Plaintiff out of her cell stating that a girl

on 7 West Left needed help using the telephone.   So Plaintiff proceeded to stand on her side of the

locked gate and show the girl how to use the phone.   When done, Plaintiff headed back and told

Defendant Roberson that she was done and ready to go back into her cell. Defendant Roberson, however, told Plaintiff that she needed to go and clean the correctional officers' bathroom.

19.     Upon information and belief, the correctional officer's bathroom is located outside of the main tier area. Upon further information and belief, none of the common areas, including but not limited to the hallways on the tier or anywhere else are monitored by cameras.

20.     Plaintiff proceeded to get cleaning supplies and gloves. When she arrived at the bathroom, she noticed that there was nothing dirty or messy about it. The garbage was empty.

21.     The bathroom is small. There was previously a fire in it. Wires still hang from where the light used to be. The light was never replaced. Light enters from the door being open. Sometimes there is a bucket in there because when it rains, the water comes in.

22.     Plaintiff entered the bathroom and began her cleaning responsibilities. While she was cleaning the toilet, she was startled by Defendant Roberson, who entered the bathroom behind her.

23.     Defendant Roberson said, "Turn around and pull your pants down." Plaintiff was wearing a bra, underwear, and her jumpsuit. Defendant Roberson was fully clothed at the time. Plaintiff told Defendant Roberson, "No." Defendant Roberson then threatened Plaintiff stating, "You're going to do what I tell you to do. I'll beat the shit out of you and pepper-spray you and call a code and tell them you attacked me."

24.     Defendant Roberson then proceeded to forcibly grab Plaintiff by her hair and shove her into the metal toilet. Plaintiff's knees violently fell on top of the toilet and her face almost hit the wall. Plaintiff then heard Defendant Roberson's keys hit the floor when he dropped his pants. Defendant Roberson penetrated Plaintiff's vagina.

25.    Defendant Roberson never shut the door.  Plaintiff is unaware if Defendant Roberson ejaculated but he made sounds as though he did.  Defendant Roberson did not talk to Plaintiff. Plaintiff did not say anything to Defendant Roberson

26.    When Defendant Roberson was finished, he then threatened Plaintiff that she better not tell anyone.

27.    Plaintiff went back to her cell.  When she sat on the toilet to wipe herself, she noticed she was bleeding.

28.    Plaintiff communicated to a female correctional officer by the name of Carol Batcher that something had happened and she needed to talk to somebody.[1]  Plaintiff wanted Officer Batcher to get in touch with her lawyer.  Plaintiff tried to hang (kill) herself shortly thereafter and was put in medical on suicide watch.

29.    On or about August 5, 2014, Plaintiff reported the sexual assault to the Office of the Albany County District Attorney and Deputy Chief Montleone from the Office of the Albany County Sheriff. Plaintiff was assured this matter would be investigated.  Upon information and belief, no formal decision has been published regarding Plaintiff's complaint.

30.    After Plaintiff's sexual assault became known, Plaintiff was bullied by a correctional officer whom everyone called "Jack."  "Jack" was referring to all of the prisoners as "fucking whores" and then called Plaintiff over to him and said, "So what's this I hear about my friend Gus? What are you and your friend saying about him?  I know what you're going down to medical for" (referring to the lab work that the administration wanted done).  Plaintiff felt uncomfortable, terrified and intimidated.

---

[1] It was Officer Batcher whom advised Plaintiff that Defendant Roberson was no longer allowed in the female units.

31.    The administration wanted lab work done on Plaintiff after the sexual assault became known.   No physical exam of Plaintiff's vagina was performed.   Plaintiff had to submit to the lab work and questioning.   Nothing, however, was kept quiet or confidential and everyone in Defendant Facility knew what was going on and why Plaintiff was there.   After administration got the information they needed, Plaintiff was left to deal with the employees of Defendant Facility (including the correctional officers) on her own.

32.    Plaintiff was transferred to Rensselaer County Jail on August 22, 2014, based upon efforts from her counsel and cooperation with the Office of the New York State Attorney General.

33.    Plaintiff also suffered physical injuries at the time of the violent sexual assault.   Plaintiff's labia was significantly torn.   Upon information and belief, she requires surgery to repair her labia. Plaintiff's knees were bruised.

34.    Since July 30, 2014, Plaintiff also suffers from constant nightmares.   She wakes up with night sweats and has to take a shower.   Plaintiff has difficulty showering and toileting because male correctional officers work on the unit.   She wakes up in the morning and finds herself under her bunk or on the floor and has no recollection of how she got there.   She is startled and triggered by the sounds of the correctional officers' keys and radios.   She cannot look at the metal toilet in her cell and obtained permission for an extra towel to keep it covered.   Plaintiff treats with a sexual assault counselor and mental health therapist.

35.    As a result of the violent sexual assault, Plaintiff requires several medications including: Remeron (30 mg) for depression, Cyproheptadine (4 mg) for nightmares, Buspar (15 mg - 3x per day) for anxiety and Thorazine (50 mg) for insomnia.

36.    Despite her formal report to the Office of the Albany County District Attorney and the Albany County Sheriff's Office, no formal statement was ever taken from Plaintiff.   She met with

8

the Bureau Chief of the Albany County Sex Crimes Unit. No formal statement was taken. She met with the Undersheriff in charge of Internal Affairs. No formal statement was taken. The only item Plaintiff had to sign was the lineup to verify that it was Defendant Roberson in the picture.

37.    The Defendant Facility fails to provide any privacy for women while they are showering or various stages of undress. Male correctional officers do not announce their presence when necessary. Male correctional officers walk right into the women prisoners' bathrooms without saying, "Man on the tier." Women prisoners can be showering and/or using the toilet and the male correctional officers walk right in.

38.    Subsequent to the violent sexual assault, Defendant Does in an attempt to discredit and intimidate Plaintiff, released Plaintiff's medical history without her authorization and/or consent to members of the Defendant Sheriff's Office causing Plaintiff to suffer further embarrassment and lack of privacy.

39.    The Defendants herein, and each of them, acted within the scope of their authority to act as public servants for the County of Albany. The Defendants herein also acted with intent, deliberate indifference, carelessness, negligence, recklessness and disregard. During all times mentioned in this Complaint, Defendants were acting under color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the County of Albany. Defendant Roberson acted within the scope of his authority and acted under color of state law, as he was in uniform, on-duty during the assault, which also occurred at the jail. Also, Defendant was able to engage in such conduct because he was given unfettered and unsupervised access to female detainees by the supervisory defendants. Notwithstanding same, Defendant Roberson is still employed by Defendant Facility. Upon information and belief,

9

Defendant Roberson is not allowed on female tiers any longer.   Upon information and belief, no criminal charges were filed.   Defendant Does are still employed by Defendant Sheriff's Office. No actions were taken against them and no criminal charges were filed.

40.      The failure to take any meaningful action against Defendant Roberson, or at the very least, preclude Defendant Roberson from having contact with female detainees, represents a clear ratification by the County of Albany, the Albany County Sheriff's Office and all of its supervisory officials.   The post-incident ratification is also indicative of pre-incident custom and practice of allowing male corrections officers to engage in inappropriate sexual conduct with female detainees.   Defendant Apple has publicly stated that "at least one victim's account was credible." Upon information and belief, the Defendants knew of other incidents at other New York State Correctional Facilities which resulted in significant publicity and successful lawsuits.   Upon information and belief, the Supervisory Defendants were also aware of other incidents that had occurred in the Albany County Jail.   Upon further information and belief, despite being aware of these incidents, the Defendants failed to adopt policies and procedures regarding circumstances were male corrections officers are permitted to be alone with female inmates.   Upon information and belief, there is no video surveillance to in the female housing units to ensure appropriate contact.   Upon information and belief, there is no policy that requires a female corrections officer to work in a female housing unit.

41.      As a direct result and consequence of the intentional acts and omissions of the Defendants herein, their respective agents, servants and/or employees, including but not limited to Defendant Roberson and Defendant Does, Plaintiff suffered, and continues to suffer, severe physical and psychological injuries, including but not limited to a torn labia, exposure to sexually transmitted

diseases, mental distress, anxiety, loss of enjoyment of life and loss and deprivation of her civil rights.

42.    On or about October 23, 2014, and prior to the commencement of this action, a timely Notice of Claim was served upon Defendants.   More than thirty (30) days have elapsed since said Notice of Claim was served upon Defendants.

43.    Plaintiff gave testimony at a hearing pursuant to New York State General Municipal Law § 50-h on March 26, 2015.

44.    This action is commenced within one year and ninety days as required by statute.

45.    Despite Plaintiff's best efforts, all administrative remedies have been frustrated by the acts of Defendants.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Eighth Amendment of the U.S. Constitution**
**Cruel and Unusual Punishment *Per Se***

**(Brought by Plaintiff Pursuant to 42 U.S.C. § 1983 against Defendant Apple, Defendant Sheriff's Office, Defendant County, Defendant Facility, and Defendant Roberson)**

46.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

47.    At the time of the violent sexual assault, Defendant Roberson, a male correctional officer, was in charge of patrolling and keeping order in Plaintiff's unit -- a female unit with all female prisoners.   No other female correctional officers were patrolling and/or keeping order in Plaintiff's unit.   This was the policy, custom and practice of Defendant Facility.

48.    Defendant Roberson, while acting under color of the Defendant Facility's policy, custom and practice, by his actions, did place Plaintiff in imminent fear of immediate offensive physical

11

contact and did assault, sexually assault, batter and rape Plaintiff. The force used by Defendant Roberson against Plaintiff was malicious and sadistic and hurt Plaintiff, both physically and psychologically.

49.    Plaintiff did not provoke Defendant Roberson or his actions and when Defendant Roberson told Plaintiff to turn around and pull down her pants, Plaintiff told Defendant Roberson no. Defendant Roberson's unprovoked actions and unwanted sexual attention offends evolving standards of decency.

50.    Defendant Roberson's actions subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. Because Plaintiff was incarcerated, she lacked the ability to consent to engage in sexual relations with Defendant Roberson. Plaintiff felt that she had no other choice but to engage in sexual relations with Defendant Roberson so as to avoid further charges and/or repercussions. Such constitutes a *per se* violation of the Eighth Amendment.

51.    Upon information and belief, Defendant Facility permitted Defendant Roberson, a male correctional officer, to supervise female prisoners by himself and without female supervision, in light of past allegations of sexual misconduct. This constitutes an adoption of a policy, custom and practice of indifference to Plaintiff's constitutional rights, resulting in her rape. Defendant Facility knew or show have known of the risk and ignored it.

52.    Defendant Facility acted with deliberate indifference toward the violent sexual assault. Defendant Facility acted with deliberate indifference to the risk of Plaintiff's safety in violation of the Eighth Amendment.

53.    Defendant Roberson has a sufficiently culpable state of mind. Upon information and belief, employees of Defendant Facility were aware of Defendant Roberson's propensities.

54.    The harm Defendant Roberson caused Plaintiff is sufficiently serious.    Defendant Roberson's sexual assault of Plaintiff is deeply offensive to Plaintiff's human dignity.    Plaintiff suffered severe physical and psychological injuries.

55.    Defendant Roberson, while acting under color of the Defendant Facility's policy, custom and practice, committed the violent sexual assault of Plaintiff.    Defendant Facility, a division of Defendant Sheriff's Office, acted with deliberate indifference toward said assault and the risk of Plaintiff's safety in violation of the Eighth Amendment.

56.    Defendant Apple and Defendant Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities.    They failed to do so.    Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.    It failed to do so.

57.    The actions of Defendants resulted in Plaintiff's violent sexual assault and physical and psychological injuries.    Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

58.    Due to the Defendants' violations of the Eighth Amendment of the U.S. Constitution, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## SECOND CLAIM FOR RELIEF

**Eighth Amendment of the U.S. Constitution**
**Cruel and Unusual Punishment - Inadequate Medical Treatment**

**(Brought by Plaintiff Pursuant to 42 U.S.C. § 1983 against Defendant Apple, Defendant Sheriff's Office, Defendant County, and Defendant Facility)**

13

59.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

60.    Defendant Facility's deliberate indifference to Plaintiff's medical needs subjected Plaintiff to further infection, risk of exposure to sexually transmitted diseases, and the loss of evidence of the sexual assault.   Defendant Facility's deliberate indifference to Plaintiff's mental health needs subjected Plaintiff to depression, suicide and severe mental anguish.   Plaintiff did suffer from depression and did attempt suicide.   To this date, Plaintiff continues to suffer from severe mental anguish as a result of the sexual assault.

61.    Defendant Facility's inactions subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.   Because Plaintiff was incarcerated, she lacked the ability to seek medical and mental health care elsewhere.   Defendant Facility was obligated to provide Plaintiff with the adequate care she needed.

62.    Defendant Facility contracted the medical services unit to provide medical care and attention to the prisoners.   The mental health services unit worked closely with the medical services unit.   Plaintiff disclosed the sexual assault, her bipolar disorder and the mental anguish she suffered from as a result of the sexual assault.   Defendant Facility knew or show have known of the risks and ignored them.

63.    Defendant Facility acted with deliberate indifference toward Plaintiff's medical and mental health needs.   Defendant Facility acted with deliberate indifference to the health risks Plaintiff faced, and continues to face, in violation of the Eighth Amendment.

64.    The harm Defendant Facility caused Plaintiff is sufficiently serious.   Plaintiff suffered, and continues to suffer, severe physical and psychological injuries.

14

65.    The medical services unit and mental health unit are divisions of Defendant Facility. Defendant Facility is a division of Defendant Sheriff's Office.   Defendant Apple and Defendant Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities.  Their failure to do so resulted in Plaintiff's physical and psychological injuries which were ignored by Defendant Facility.   Had Defendant Apple and Defendant Sheriff's Office adequately implemented and carried out the goals of preventing Plaintiff's sexual assault, her medical and mental health needs would have never been ignored.   Plaintiff's medical and mental health needs are foreseeable.

66.    Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.   It failed to do so.

67.    The inactions of Defendants resulted in Plaintiff's physical and psychological injuries. Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

68.    Due to the Defendants' violations of the Eighth Amendment of the U.S. Constitution, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment of the U.S. Constitution**
**Deprivation of Liberty and Right to be Secure**

**(Brought by Plaintiff Pursuant to 42 U.S.C. § 1983 against Defendant Apple, Defendant Sheriff's Office, Defendant County, Defendant Facility, and Defendant Roberson)**

69.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

70.    Defendant Roberson, while acting under color of the Defendant Facility's policy, custom and practice, by his actions, did place Plaintiff in imminent fear of immediate offensive physical contact and did assault, sexually assault, battery and raped Plaintiff.    Defendant Roberson unlawfully detained and confined Plaintiff against her will.    The force used by Defendant Roberson against Plaintiff was malicious and sadistic and hurt Plaintiff, both physically and psychologically.

71.    Plaintiff did not provoke Defendant Roberson or his actions.    Plaintiff did not want Defendant Roberson's sexual attention.    Plaintiff told Defendant Roberson that it was not her that made the inappropriate comment and when Defendant Roberson told Plaintiff to turn around and pull down her pants, Plaintiff told Defendant Roberson no.    Defendant Roberson's unprovoked actions and unwanted sexual attention offends evolving standards of decency.

72.    Defendant Roberson's actions deprived Plaintiff of her liberty and right to be secure as guaranteed under the Fourteenth Amendment of the U.S. Constitution.    Despite her inability to consent as she was incarcerated, she was forced to engage in sexual contact with Defendant Roberson.    Plaintiff was unlawfully detained and confined against her will.

73.    Defendant Facility permitted Defendant Roberson, a male correctional officer, to supervise female prisoners by himself and without any supervision.    This constitutes an adoption of a policy, custom and practice of indifference to Plaintiff's constitutional rights, resulting in her rape. Defendant Facility knew or show have known of the risk and ignored it.

74.    Defendant Facility acted with deliberate indifference toward the violent sexual assault. Defendant Facility acted with deliberate indifference to the risk of Plaintiff's safety in violation of the Fourteenth Amendment.

16

75.    Defendant Roberson has a sufficiently culpable state of mind.  Employees of Defendant Facility were aware of Defendant Roberson's propensities.  A nurse in medical and a female correctional officer told Plaintiff that they knew what type of guy Defendant Roberson is.

76.    The harm Defendant Roberson caused Plaintiff is sufficiently serious.  Defendant Roberson's sexual assault of Plaintiff is deeply offensive to Plaintiff's human dignity.  Plaintiff suffered severe physical and psychological injuries.

77.    Defendant Roberson, while acting under color of the Defendant Facility's policy, custom and practice, committed the violent sexual assault of Plaintiff.  Defendant Roberson unlawfully detained and confined Plaintiff against her will.  Defendant Facility, a division of Defendant Sheriff's Office, acted with deliberate indifference toward said assault and the risk of Plaintiff's safety in violation of the Fourteenth Amendment.

78.    Defendant Apple and Defendant Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities.  They failed to do so.  Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.  It failed to do so.

79.    The actions of Defendants resulted in Plaintiff's violent sexual assault and physical and psychological injuries.  Defendants deprived Plaintiff of her liberty and right to be secure as guaranteed under the Fourteenth Amendment of the U.S. Constitution.

80.    Due to the Defendants' violations of the Fourteenth Amendment of the U.S. Constitution, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## FOURTH CLAIM FOR RELIEF

### New York State Corrections Law § 500-b

**(Brought by Plaintiff Against Defendant Apple, Defendant Sheriff's Office, Defendant County, and Defendant Facility)**

81.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

82.    Defendant Facility severely compromised Plaintiff's personal safety and welfare while she was a prisoner of Defendant Facility.  Defendant Facility permitted Defendant Roberson (an unsupervised male correctional officer) to supervise Plaintiff (a female prisoner), thereby adopting a policy, custom and practice of indifference to Plaintiff's constitutional rights.  As a result of Defendant Facility's deliberate indifference, Plaintiff was sexually assaulted by Defendant Roberson and sustained severe physical and psychological injuries.   Said assault was foreseeable.

83.    Defendant Facility further compromised Plaintiff's personal safety and welfare by failing to provide Plaintiff with the adequate medical and mental health care she required, both prior to and subsequent to the sexual assault and its disclosure.  Prior to the assault, Defendant Facility refused to provide Plaintiff with medication(s) and/or therapy to address her bipolar disorder. Subsequent to the assault and its disclosure, Defendant Facility failed to perform a physical exam of Plaintiff's torn labia, a rape kit, a DNA extraction and a request for medical records.  Plaintiff's sick slips were ignored.  Plaintiff was refused mental health care to deal with the trauma of the sexual assault.

84.    Defendant Facility acted with deliberate indifference to Plaintiff's medical and mental health needs.  As a result of same, Defendant Facility subjected Plaintiff to further infection, risk

of exposure to sexually transmitted diseases, the loss of evidence of the sexual assault, depression, suicide and severe mental anguish.

85.    Defendant Facility's failure to exercise appropriate and adequate precautions severely compromised Plaintiff's personal safety and welfare resulting in Plaintiff's physical and psychological injuries.  Defendant Facility, a division of Defendant Sheriff's Office, acted with deliberate indifference toward Plaintiff's personal safety and welfare in violation of New York State Corrections Law § 500-b.

86.    Defendant Apple and Defendant Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities.   They failed to do so.  Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.   It failed to do so.   Plaintiff's injuries were foreseeable.

87.    The actions of Defendants resulted in Plaintiff's personal safety and welfare being severely compromised and her physical and psychological injuries in violation of New York State Corrections Law § 500-b.

88.    Due to the Defendants' violations of New York State Corrections Law § 500-b, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

### FIFTH CLAIM FOR RELIEF

**New York Penal Law § 130.05(3) (e)–(f)**

**(Brought by Plaintiff Against Defendant Roberson in his Official and Individual Capacities)**

89.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

19

90.    Defendant Roberson raped Plaintiff in violation of New York Penal Law §§ 130.05(3) (e)–(f).  Despite her inability to consent due to her incarceration, Plaintiff was forced to engage in sexual contact with Defendant Roberson.

91.    The harm Defendant Roberson caused Plaintiff is sufficiently serious.  Defendant Roberson's sexual assault of Plaintiff is deeply offensive to Plaintiff's human dignity.  Plaintiff suffered severe physical and psychological injuries.

92.    Due to Defendant Roberson's violation of New York Penal Law §§ 130.05(3) (e)–(f), Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## SIXTH CLAIM FOR RELIEF

### False Imprisonment

**(Brought by Plaintiff Against Defendant Roberson in his Official and Individual Capacities)**

93.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

94.    Defendant Roberson unlawfully and intentionally confined Plaintiff to the correctional officer's bathroom, without her consent, in order to commit the sexual assault of Plaintiff.  The dim, small bathroom, with only one source of ingress or egress, served as Defendant Roberson's confining boundaries.

95.    Defendant Roberson's intention was to confine Plaintiff to the bathroom.  Defendant Roberson lured Plaintiff to the bathroom by ordering her to clean it for the second time.  While Plaintiff was distracted cleaning, Defendant Roberson approached the bathroom and put his body in the doorway which was the only means of ingress or egress.  His body also blocked the only source of light entering the bathroom.

20

96.    The small bathroom served as the ideal place for confinement for Defendant Roberson to commit the sexual assault.   Plaintiff had nowhere to go.   Defendant Roberson blocked the only source of ingress or egress.   Plaintiff was prohibited from leaving the bathroom.

97.    Plaintiff was then forced, against her will, to have sexual relations with Defendant Roberson.   Defendant Roberson told Plaintiff, "You're going to do what I tell you to do.   I'll beat the shit out of you and pepper-spray you and call a code and tell them you attacked me."   Plaintiff knew that she faced another charge if this happened.   Plaintiff had no other choice but to submit to Defendant Roberson's demands.

98.    Plaintiff did not provoke Defendant Roberson or his actions.   Plaintiff did not want Defendant Roberson's sexual attention.   Plaintiff told Defendant Roberson that it was not her that made the inappropriate comment and when Defendant Roberson told Plaintiff to turn around and pull down her pants, Plaintiff told Defendant Roberson no.   Defendant Roberson's unprovoked actions and unwanted sexual attention offends evolving standards of decency.

99.    Defendant Roberson falsely imprisoned Plaintiff thereby depriving her of her liberty. Because Plaintiff was incarcerated, she lacked the ability to consent to engage in sexual relations with Defendant Roberson.   Plaintiff felt that she had no other choice but to engage in sexual relations with Defendant Roberson so as to avoid further charges and/or repercussions.   Plaintiff was unlawfully and intentionally confined against her will.

100.    The harm Defendant Roberson caused Plaintiff is sufficiently serious.   Defendant Roberson's sexual assault of Plaintiff is deeply offensive to Plaintiff's human dignity.   Plaintiff suffered severe physical and psychological injuries.

21

101.    Due to Defendant Roberson's false imprisonment of Plaintiff, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## SEVENTH CLAIM FOR RELIEF

### Battery

**(Brought by Plaintiff Against Defendant Roberson in his Official and Individual Capacities)**

102.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

103.    Defendant Roberson intentionally made harmful and offensive bodily contact with Plaintiff.    Without Plaintiff's consent, Defendant Roberson sexually assaulted Plaintiff. Defendant Roberson forcibly grabbed Plaintiff by her hair and shoved her into the metal toilet. Plaintiff's knees violently fell on top of the toilet.   Her face almost hit the wall.   Paint clips got into her mouth.  Defendant Roberson penetrated Plaintiff's vagina tearing her labia.  Plaintiff bled from her vagina.

104.    As a direct and proximate result of the aforementioned battery, Plaintiff suffered, and continues to suffer, physical injuries, severe emotional distress, conscious pain and suffering, mental distress, shock, fright and humiliation.

105.    Due to the battery which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendant is thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## EIGHTH CLAIM FOR RELIEF

### Assault

**(Brought by Plaintiff Against Defendant Roberson in his Official and Individual Capacities)**

22

106.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

107.    Defendant Roberson intentionally placed Plaintiff in fear of imminent harmful and offensive contact.   Without Plaintiff's consent, Defendant Roberson told Plaintiff, "You're going to do what I tell you to do.   I'll beat the shit out of you and pepper spray you and call a code and tell them you attacked me."

108.    Subsequent to the sexual assault, Defendant Roberson told Plaintiff that she better not tell anyone because he can get to her any time.

109.    As a direct and proximate result of the aforementioned assault, Plaintiff suffered, and continues to suffer, severe emotional distress, conscious pain and suffering, mental distress, shock, fright and humiliation.

110.    Due to the assault which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendant is thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## NINTH CLAIM FOR RELIEF

### Negligent Supervision

### (Brought by Plaintiff Against Defendant Apple, Defendant Sheriff's Office, Defendant County, and Defendant Facility)

111.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

112.    Plaintiff was sexually assaulted by Defendant Roberson at Defendant Facility.   At the time, Plaintiff was a prisoner of Defendant Facility, under the care, custody and control of Defendant Facility.

113.    Plaintiff disclosed the sexual assault to the Bureau Chief of the Albany County Sex Crimes Unit, the Undersheriff in charge of Internal Affairs, the medical unit, the mental health unit, and female correctional officers.    The administration requested that lab work be performed.    Clearly, Defendants had specific knowledge of the sexual assault perpetrated by Defendant Roberson upon Plaintiff.

114.    Subsequent to the assault, and in an attempt to discredit and intimidate Plaintiff, Defendants Does released Plaintiff's medical history without her authorization and consent causing Plaintiff to suffer embarrassment and lack of privacy.    Random correctional officers were questioning Plaintiff about her condition of herpes.    Plaintiff had contracted herpes years ago. This information was in her records.

115.    Not only did Defendants fail to prevent and protect Plaintiff from the physical and psychological harm she endured, they failed to adequately supervise the correctional officer and employees in its charge.    They permitted Defendant Roberson to be the only male, unsupervised officer in charge of Plaintiff's unit.    Further, minimal, if no, efforts were taken by Defendants to address the aftermath of the sexual assault in addition to Plaintiff's medical and mental health issues.    No disciplinary action has been taken against Defendant Roberson or Defendant Does nor has any charges been filed against any of them.    Upon information and belief, Defendant Roberson and Defendant Does are still gainfully employed.

116.    As a result, Plaintiff suffered severe emotional and physical injuries.    She became depressed and attempted suicide.

117.    Had Defendants adequately supervised Defendant Roberson and Defendant Does, the sexual assault and the release of records would have never happened.    Defendants permitted Defendant Roberson to be the only male, unsupervised correctional officer in charge of Plaintiff's

unit.  Defendants knew about the sexual assault.  They did next to nothing to prevent, address and remediate the circumstances or discipline Defendant Roberson or Defendant Does.

118.    Plaintiff's injuries, both emotional and physical, were foreseeable.  Prison rape is an ongoing epidemic.  National standards have been adopted.  Defendant Sheriff's Office is in charge of implementing same.  Having a lone, male, unsupervised correctional officer in an all women's unit should not be condoned.  Had Defendants properly implemented and carried out the goal of preventing sexual abuse and/or sexual harassment in its facilities, we would have a very different result.  Defendants failed to properly implement policies to prevent sexual abuse.

119.    Defendant Apple and Defendant Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities.  They failed to do so.  Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.  It failed to do so.  Plaintiff's injuries were foreseeable.

120.    Due to Defendants' failure to adequately supervise Defendant Roberson and Defendant Does which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

### TENTH CLAIM FOR RELIEF

#### 7 NYCRR 5.24 - Inmate Medical Records

**(Brought by Plaintiff Against Defendant Does, Defendant Apple, Defendant Sheriff's Office and Defendant County)**

120.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

121.    Subsequent to the assault, and in an attempt to discredit and intimidate Plaintiff, Defendants Does released Plaintiff's medical history without her authorization and consent causing Plaintiff to suffer embarrassment and lack of privacy.

122.    Defendant Does are employees of Defendant Sheriff's Office.

123.    Plaintiff's medical history contains information about her condition of herpes.

124.    Random correctional officers were questioning Plaintiff about her condition of herpes in front of other prisoners and officers.

125.    With knowledge of the sexual assault, Defendant Does released Plaintiff's medical history and the correctional officers questioned Plaintiff about her medical history in an attempt to discredit her and intimidate her.

126.    As a result, Plaintiff suffered embarrassment, lack of privacy and psychological injuries.

127.    Defendant Apple and Defendant Sheriff's Office were responsible for supervising the actions of Defendant Does.   They failed to do so.   Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Defendant Facility, Defendant Facility and Defendant Sheriff's Office.   It failed to do so. Plaintiff's injuries were foreseeable.

128.    Due to Defendants' release of Plaintiff medical records which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## ELEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

**(Brought by Plaintiff Against Defendant Apple, Defendant Sheriff's Office, Defendant County, Defendant Facility, Defendant Roberson and Defendant Does)**

129.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

130.    The actions and inactions of Defendants set forth herein are atrocious and intolerable. While under Defendants' care, custody and control, Plaintiff was subjected to cruel and unusual punishment, sexually assaulted, provided inadequate medical treatment, deprived of her liberty and right to be secure, deprived of her personal safety and welfare, falsely imprisoned, battered, assaulted and deprived of her privacy.   Defendants acted with deliberate indifference to all of it, thereby causing Plaintiff's physical and psychological injuries.

131.    Defendants failed to follow national standards adopted by the U.S. Department of Justice and blatantly disregarded the liberty, safety, security and welfare of their own prisoner who was subjected to the actions listed above.

132.    Due to Defendants' inactions and deliberate indifference which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

27

## TWELFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

**(Brought by Plaintiff Against Defendant Apple, Defendant Sheriff's Office, Defendant County, Defendant Facility, Defendant Roberson and Defendant Does)**

133.   Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

134.   Defendants clearly owed a duty of care to Plaintiff.   Plaintiff was a prisoner of Defendant Facility under their exclusive care, custody and control.

135.   Consequently, and with knowledge of the sexual assault and Plaintiff's medical needs, Defendants breached their duty to Plaintiff when they failed to take adequate and appropriate steps to prevent and/or remediate the sexual assault as well as the aftermath of same. Defendants failed to provide Plaintiff with adequate medical treatment and deprived her of her liberty, security, personal safety and welfare.

136.   As demonstrated herein, emotional harm clearly resulted from Defendants' breach. Plaintiff suffered from depression and attempted suicide.   Plaintiff now needs several medications in order to survive.

137.   While a prisoner at Defendant Facility, Plaintiff was under a constant threat of facing repercussions.   Plaintiff feared for her safety.   Defendants failed to take adequate and appropriate action to ensure her safety and welfare.

139.   Defendants actions/inactions were, and are, extreme and outrageous.   While under Defendants' care, custody and control, Plaintiff was subjected to cruel and unusual punishment, sexually assaulted, provided inadequate medical treatment, deprived of her liberty and right to be secure, deprived of her personal safety and welfare, falsely imprisoned, battered, assaulted and

28

deprived of her privacy.    Defendants acted with deliberate indifference to all of it, thereby causing Plaintiff's physical and psychological injuries.

140.    Defendants failed to follow national standards adopted by the U.S. Department of Justice and blatantly disregarded the liberty, safety, security and welfare of their own prisoner who was subjected to the actions listed above.    Defendants' reckless disregard caused Plaintiff to suffer, both physically and psychologically.

141.    Due to Defendants' breach which resulted in Plaintiff's physical and psychological injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## DEMAND FOR TRIAL BY JURY

142.    The Plaintiff hereby respectfully requests trial by jury.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor and requests relief against the Defendants CRAIG APPLE, ALBANY COUNTY SHERIFF'S OFFICE, COUNTY OF ALBANY, ALBANY COUNTY CORRECTIONAL FACILITY, AUGUSTUS ROBERSON, III, and "JANE DOE" AND "JOHN DOE for the following relief:

1.    Granting a judgment against all Defendants awarding Compensatory Damages to the Plaintiff in an amount to be determined by a properly charged Jury;

2.    Granting a judgment against Defendant Roberson awarding Punitive Damages to the Plaintiff in an amount to be determined by a properly charged Jury;

3.    Granting a monetary award for attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988; and

4.    For such other and further relief as this Court deems just and proper.

Dated: Albany, New York
   October 22, 2015

Trevor W. Hannigan
Bar Roll Number:    517850
Michael D. Meth, Esq., Of Counsel
817 Madison Avenue
Albany, New York   12208
(p) (518) 729-5211
(f) (518) 621-0500
trevorhanniganesq@gmail.com

30